UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                   Case No. 3:20-cr-82-6

vs.

LOUIS WALTON,                          District Judge Michael J. Newman

    Defendant.

**ORDER DECLINING TO RULE ON DEFENDANT LOUIS WALTON'S OBJECTION TO THE FINAL PRESENTENCE INVESTIGATION REPORT PURSUANT TO FED. R. CRIM. P. 32(I)(3)(B) (Doc. No. 290)**

       This criminal case is before the Court on Defendant Louis Walton's objection to the Probation Department's Final Presentence Investigation Report ("PSR"). Doc. No. 290 at PageID 2907. Walton objects to the "Related Cases" sections of the PSR. *Id.* at PageID 2877, 2883–84, 2907. These sections list the charges and disposition of cases that the Government has previously found "appear to arise from the same or substantially identical transactions, happenings, events, including any alleged conspiracy." *Id.* at PageID 2877, 2883–84; S.D. Ohio Crim. R. 12.1(e). The related cases listed in the PSR do not require recitation for purposes of the present motion. Here, Walton "denies having any prior connection with the cases listed and objects to any mention of the alleged related cases." *Id.* at PageID 2907.

       "At sentencing, the [C]ourt [] must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). "[T]he rule's purpose is 'to ensure that sentencing is

based on reliable facts found by the court itself after deliberation[.]'" *United States v. Vanhoose*, 446 F. App'x 767, 769 (6th Cir. 2011) (quoting *United States v. Nelson*, 356 F.3d 719, 722 (6th Cir. 2004)). Under this provision of the Federal Rules of Criminal Procedure, the Court need only "affirmatively rule on a controverted matter where it could potentially impact the defendant's sentence." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007) (citing *United States v. Monus*, 128 F.3d 376, 396 (6th Cir. 1997).

Here, a ruling on Walton's objection would not affect sentencing. The rule on which Walton's objection is based, S.D. Ohio Crim. R. 12.1(e), directs the Government to identify related cases in order "to provide for the orderly division of the business of the Court and does not grant any right to any litigant." *Cf. Sabol v. Ford Motor Co.*, No. 2:14-cv-543, 2014 WL 6603358, at *9 n.3 (S.D. Ohio Nov. 19, 2014) (Designating cases as related "does not confer any rights on [the litigant]"). Moreover, this procedural mechanism does not affect the PSR's calculation of the Sentencing Guidelines total offense level. *See* Doc. No. 290 at PageID 2885–92. Thus, the objection will not affect Walton's potential sentence and the Court will not consider it. *See, e.g., United States v. Mason*, 294 F. App'x 193 (6th Cir. 2008) (upholding a district court's refusal to consider an issue that would not affect the sentencing range).[1] Accordingly, the Court declines to rule on Walton's objection.

**IT IS SO ORDERED.**

  July 26, 2023                                       s/Michael J. Newman
                                                              Hon. Michael J. Newman
                                                              United States District Judge

---

[1] Even if this issue affected Walton's sentencing, the Court need not consider this issue because Walton did not sufficiently put this issue "in dispute." *See United States v. Mack*, 817 F. App'x 176 (6th Cir. 2020) ("Generally speaking, we have required a defendant to 'produce some evidence that calls the reliability or correctness of the alleged facts into question.'" (quoting *United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015))).