UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LOUIS WALTON,

    Defendant.

Case No. 3:20-cr-82-6

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT'S *PRO SE* MOTION AND HIS MOTION THROUGH COUNSEL TO HIS REDUCE SENTENCE (Doc. Nos. 335, 356); AND (2) CONFIRMING THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

Previously in this felony criminal case, the Court accepted Defendant Louis Walton's plea of guilty to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Court sentenced him to a 24-month term of imprisonment. Doc. No. 303 at PageID 3133. The case is before the Court upon Defendant's *pro se* motion to reduce his sentence[1] (Doc. No. 335); his second motion, through counsel, to reduce his sentence (Doc. No. 356); and the Government's memorandum in opposition to both motions (Doc. No. 358).

I.

In both motions Defendant asks this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, which applies to "certain zero-point offenders." Doc. No. 335, 356; *see United States v. Seldon,* Nos. 1:17-cr-8, 1:10-cr-93, 2024 WL 2078449, at *1 (S.D. Ohio May 8, 2024) (Amendment 821 "authorizes a two-offense level decrease

---

[1] The Court liberally construes Defendant's *pro se* motion in his favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

for certain defendants who have zero criminal history points whose offense did not involve specific aggravating factors").

Section 3582(c)(2) has three components:

1. The offender's previously imposed sentence was based on a sentencing range that has been lowered by an amendment to the United States Sentencing Guidelines;

2. The sentencing factors set forth in 18 U.S.C. § 3553(a), "to the extent they are applicable," support the reduction; and

3. The reduced sentence is consistent with the applicable policy statements in the Guidelines.

In the present case, the Court assumes, *arguendo*, that the first component of § 3582(c)(2) is met because Amendment 821 makes available a two-level reduction in the offense level for an offender who, like Defendant, had zero criminal history points at the time of his original sentencing. *See* U.S.S.G. § 4C1.1 (effective Nov. 1, 2023); *see also United States v. El Yousseph*, No. 2:18-cr-147, 2024 WL 4466185, at *1 (S.D. Ohio Oct. 10, 2024). This reduces Defendant's original Guidelines range of 37-46 months to 30-37 months. *See* Doc. No. 356 at 2638 (noting, correctly, that Defendant's reduced offense level is 19, his criminal history category is I, and his resulting Guidelines range is 30 to 37 months).

Defendant points out that his original 24-month sentence resulted from a 35 percent variance below his previous Guidelines range. He argues that a similar variance should now apply, resulting in an amended sentence of 21 months. *Id*. at 3638-39. However, considering the § 3553(a) factors—as the second component of § 3582(c)(2) requires—the proposed further reduction of Defendant's sentence is unwarranted. This is due, in significant part, to Defendant's misconduct after sentencing. During his sentencing hearing, the Court continued his release on bond and permitted him to voluntarily surrender to the Bureau of Prisons. Doc. No. 303 at PageID 3133. Defendant soon violated his bond conditions, thus flouting the voluntary-surrender privilege he had been granted and

demonstrating his lack of respect for the law.  Further, the original 24-month sentence remains appropriate to afford adequate deterrence to criminal conduct, *see* § 3553(a)(2)(B), and to protect the public from further criminal conduct by Defendant, *see* § 3553(a)(2)(C).  For these reasons, Defendant's sentence of 24 months remains "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  *See* § 3553(a).

## II.

For the above reasons, Defendant's two motions to reduce his sentence are **DENIED**, and the case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

November 6, 2024                                          s/*Michael J. Newman*
                                                                                          Hon. Michael J. Newman
                                                                                          United States District Judge